Entered on Docket
January 27, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: January 27, 2011

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>TANYA D. DENNIS,<br><br>　　　　　　　　　Debtor.　　／ | Case No. 10-71174 EDJ<br>Chapter 13 |
| TANYA D. DENNIS,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>WORLD SAVINGS BANK, FSB,<br>WACHOVIA BANK, FSB,<br>WELLS FARGO BANK, FSB<br><br>　　　　　　　　　Defendants.　／ | Adv. Pro. No. 10-04369 AJ |

MEMORANDUM RE ABSTENTION

The court has considered the factors for discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1), and has concluded that abstention is appropriate in this case. See In re Tucson Estates, Inc., 912 F.2d 1162, 1166-67 (9th Cir. 1990).

All of the claims for relief stated by plaintiff Tanya Dennis,

Memorandum

the above debtor ("Dennis") in her complaint are matters governed by California law.[1] The matters at issue are not core matters under 28 U.S.C. § 157(b)(2). Dennis has demanded a jury trial. If the matter is to be tried, the burden on the court's docket would be substantial.

Additionally, this adversary proceeding will have no effect on the administration of the Dennis estate, because Dennis's chapter 13 case is poised for dismissal on motion of Martha Bronitsky, chapter 13 trustee.[2] Dennis's amended chapter 13 plan suffers from serious flaws. For example, with respect to general unsecured claims, Dennis's proposed chapter 13 plan, filed January 14, 2011, provides that "debtor(s) estimate(s) that general unsecured claims will be paid _____ %." As filed, the amended plan cannot be confirmed.

For the foregoing reasons, the court will issue its order

---

[1] The claims for relief alleged are: breach of the covenant of good faith and fair dealing, concealment, unjust enrichment, wrongful foreclosure, violation of California Civil Code § 1788.17 (wrongful debt collection practices), misrepresentation and fraud, breach of contract, and declaratory relief, including quieting title.

[2] On December 28, 2011, Martha Bronitsky, chapter 13 trustee, filed a motion to dismiss Dennis's chapter 13 case based on the failure of debtor's proposed plan to provide for sufficient payment amounts, include secured or unsecured creditors, and because the plan was ambiguous. Thereafter, Dennis amended her chapter 13 plan, and the trustee filed another motion to dismiss, based upon the amended plan's failure to propose a distribution to unsecured creditors, and Dennis's failure to amend her Schedules to reflect foreclosed real property. The trustee's current motion to dismiss is well grounded.

Memorandum                              2

abstaining from hearing this adversary proceeding.[3]

                              ** END OF ORDER **

---

[3]At the January 24, 2011 status conference, Dennis inquired whether she could transfer this adversary proceeding to another judge, and whether she could appeal this court's ruling on abstention. As to the former, the court responded in the negative. As to the latter, the court neglected to note in open court, but now does note, that under 28 U.S.C. § 1334(d), one level of appeal (but not an appeal to the Ninth Circuit) would potentially be available to Dennis if such an appeal were not moot on account of dismissal of the main chapter 13 case.

Memorandum                                3

COURT SERVICE LIST

All Recipients

Memorandum	4